Mark M. Kovacich
Ben A. Snipes
Lewis, Slovak & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT 59403
(406) 761-5595

Attorneys for Plaintiff

CLERK OF THE
DISTRICT COURT
CAROL MUESSIG

2010 JAN 29 PM 2 16

FILED

BY _____
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| JAMES MULCAHY, ) | CAUSE NO. DV-10-0155 |
| Plaintiff, ) | RUSSELL C. FAGG |
| vs. ) | COMPLAINT AND JURY DEMAND |
| NABORS WELL SERVICES ) CO., ) | |
| Defendant. ) | |

COMES NOW, the Plaintiff, demanding trial by jury, and for his complaint against the Defendant alleges:

### PARTIES

1.

Plaintiff James Mulcahy is a citizen and resident of Lindsay, Dawson County, Montana.

2.

Defendant Nabors Well Services Co. is a business corporation for profit organized and existing under the laws of the State of Delaware. Nabors' registered agent for service of process is located in Billings, Yellowstone County, Montana.

COMPLAINT AND JURY DEMAND - 1

## JURISDICTION AND VENUE

3.

The Montana Thirteenth Judicial District Court has subject matter jurisdiction of this action and personal jurisdiction over the parties.

4.

Venue is proper in Yellowstone County, Montana, because the Defendant is a corporation incorporated in a state other than Montana, and its registered agent is located in Billings, Yellowstone County, Montana.

## GENERAL ALLEGATIONS

5.

Plaintiff James Mulcahy was hired as a crew worker by Defendant Nabors Well Services Co. in July, 2001. In 2003, Plaintiff went to work for Nabors Drilling. He returned to Nabors Well Services Co. (hereafter "Nabors") in January of 2004. Plaintiff advanced to increasingly more responsible positions with Nabors culminating in his promotion to crew chief in August, 2005.

6.

In his position as crew chief of Nabors Rig 804, Plaintiff was under the immediate supervision and direction of Kurt Knudson who held the position of tool pusher with Nabors.

7.

In April of 2009, a safety hook attached to the transfer line of Rig 804 was damaged during rig operations and ceased to properly function. The hook was replaced with a different model hook provided to the crew by Mr. Knudson.

COMPLAINT AND JURY DEMAND - 2

8.

In June of 2009, while carrying out his duties as crew chief, Plaintiff discovered that the replacement hook on the Nabors' well servicing rig was showing signs of wear, resulting in diminished energy storage and push compression. Plaintiff reported his concerns regarding the replacement hook's performance to Mr. Knudson. Despite Plaintiff's concerns, Mr. Knudson ordered Plaintiff to continue operating the rig with the deteriorating hook. In mid-June, Mr. Knudson notified Plaintiff that a new hook had been ordered, but as of July, the hook had not been replaced. Plaintiff reported his concerns surrounding the deteriorating hook to Stacy Unruh, another Nabors tool pusher.

9.

On July 21, 2009, Mr. Mulcahy arrived on the job site to familiarize relief operator, Daniel Lorenz, with Rig 804 before leaving for company training in Billings, Montana. Mr. Mulcahy again reported to Mr. Knudson that the transfer hook was not functioning appropriately and should be replaced before it became a safety hazard. The deteriorated hook was not replaced.

10.

On July 24, 2009, while Mr. Mulcahy was away for Nabors' training, the transfer hook failed causing the transfer to fall and injure Eugene Winters. Prior to Mr. Winter's injuries, the hook failed to properly function causing the crew to resort to using tape to keep the gate from opening. Plaintiff did not participate in or have knowledge of the remedial actions taken while he was away for training.

COMPLAINT AND JURY DEMAND - 3

11.

On August 5, 2009, upon Plaintiff's return from training, Nabors terminated Plaintiff citing the accident which occurred while he was not even present on the job as its basis.

## FIRST CAUSE OF ACTION

(Wrongful Discharge from Employment, Violation of § 39-2-901, MCA, *et seq.*)

Plaintiff realleges paragraphs 1 through 11 of the and adopts the same as if fully set forth in this First Cause of Action.

12.

Prior to August 5, 2009, plaintiff had been a long term employee of the Defendant and had completed Defendant's probationary period of employment.

13.

After Plaintiff's many years of faithful and highly successful service to Nabors, on August 5, 2009, Nabors unjustly, and without good cause, terminated the Plaintiff's employment with Nabors in violation of § 39-2-904(1)(b), MCA.

14.

The conduct of the Defendant was a violation of the Montana Wrongful Discharge from Employment Act, § 39-2-901, MCA, *et seq.*

15.

As a proximate result of the wrongful conduct of the Defendant, Plaintiff has suffered damages.

COMPLAINT AND JURY DEMAND - 4

16.

By virtue of Defendant's violation of the Montana Wrongful Discharge from Employment Act, Plaintiff is entitled to all of the remedies authorized by § 39-2-905, MCA.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in favor of the Plaintiff and against the Defendant, providing the following relief:

1. Damages for the Defendant's wrongful termination of Plaintiff's employment; and

2. Such other and further relief as to the court may deem just.

DATED this 28th day of January, 2010.

LEWIS, SLOVAK & KOVACICH, P.C.

By: _____
Ben A. Snipes
P. O. Box 2325
Great Falls, MT 59403
Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND - 5